IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JULIO VALLADARES** | : |
| | : |
| **Plaintiff,** | : |
| | : |
| v. | : Case No. 1:08-cv-01169-PLF |
| | : Judge Paul L. Friedman |
| **HOWARD UNIVERSITY HOSPITAL,** | : |
| **INC., T/A HOWARD UNIVERSITY** | : |
| **HOSPITAL** | : |
| | : |
| **Defendant.** | : |
| | : |

**ANSWER TO COMPLAINT OF DEFENDANT HOWARD UNIVERSITY
HOSPITAL, INC., T/A HOWARD UNIVERSITY HOSPITAL**

**COMES NOW** the Defendant, **Howard University Hospital, Inc., t/a Howard University Hospital,** by and through its attorneys, **Steven A. Hamilton, Esquire** and **Hamilton Altman Canale & Dillon, LLC,** and in response to the Complaint filed by Plaintiff in the above-captioned case, states as follows:

**(Jurisdiction and Parties)**

1.     The undersigned presently has insufficient information available to either admit or deny the allegations set forth in Paragraph 1, the result of which is to deny same and demand strict proof thereof.

2.     The allegations set forth in Paragraph 2 are admitted to the extent that at all times relevant herein, Defendant Howard University Hospital, Inc. t/a Howard University Hospital provided hospital and medical services to patients. The remaining allegations in this Paragraph are denied as phrased.

3.     The undersigned presently has insufficient information available to either admit or deny the allegations set forth in Paragraph 3, the result of which is to deny same

and demand strict proof thereof. To the extent that any allegations in this Paragraph directly or indirectly allege negligence, breach of the standard of care and/or causation by Defendant, said allegations are specifically denied.

4. The undersigned presently has insufficient information available to either admit or deny the allegations set forth in Paragraph 4, the result of which is to deny same and demand strict proof thereof.

5. The allegations set forth in Paragraph 5 are denied in form and substance.

6. The undersigned presently has insufficient information available to either admit or deny the allegations set forth in Paragraph 6, the result of which is to deny same and demand strict proof thereof.

## COUNT I
### (Medical Negligence)

7-26. The undersigned presently has insufficient information available to either admit or deny the allegations set forth in Paragraphs 7 through 26, the result of which is to deny same and demand strict proof thereof. To the extent that any allegations in these Paragraphs directly or indirectly allege negligence, breach of the standard of care and/or causation by this Defendant, said allegations are specifically denied.

27-29. The allegations set forth in Paragraphs 27 through 29 are denied in form and substance.

As affirmative defenses, Defendant states as follows:

### FIRST DEFENSE

The Complaint fails to state a cause of action upon which relief can be granted.

### SECOND DEFENSE

The Complaint is barred, in whole or in part, by the applicable statute of limitations.

### THIRD DEFENSE

Plaintiff is barred from recovery by virtue of his own negligence, contributory negligence, assumption of the risk and/or failure to mitigate damages.

### FOURTH DEFENSE

Defendant hereby reserves the right to amend this Answer with additional defenses which may be necessary as developed through the course of discovery in this matter.

Respectfully submitted,

**HAMILTON ALTMAN CANALE & DILLON, LLC**

By:  /S/ Steven A. Hamilton
Steven A. Hamilton (D.C. Bar No. 953539)
steven.hamilton@hacdlaw.com
4600 East-West Highway
Suite 201
Bethesda, Maryland 20814
301-652-7332
<u>Attorneys for Defendant</u>

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that, on the 29th day of August, 2008, a copy of the foregoing was served via electronic mail on the following:

    Michael M. Wilson, Esquire
    1120 19th Street, N.W., Suite LL-11
    Washington, D.C.  20036


    /S/ Steven A. Hamilton____
    Steven A. Hamilton